JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
**WILEY PETERSEN**
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorney for Plaintiff, Edward Patrick Flaherty*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD PATRICK FLAHERTY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK NA; and DOES 1-50, ROES 51-100.<br><br>Defendants. | CASE NO.: 3:22-cv-00025-MMD-CLB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Plaintiff, EDWARD PATRICK FLAHERTY, ("Mr. Flaherty" or "Plaintiff"), by and through his attorney of record, Jonathan D. Blum, Esq. of the law firm Wiley Petersen, hereby opposes Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss (the "Motion").

This opposition is based upon the following memorandum of points and authorities, the pleadings and papers on file herein, and any argument of counsel that may be considered at the time of the hearing on this matter.

DATED this 3 day of February, 2022.

WILEY PETERSEN

_____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145

*Attorney for Plaintiff, Edward Patrick Flaherty*

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Flaherty was the victim of what has become a widespread and pervasive pattern of fraud perpetrated against members of the public, from sophisticated business entities to regular individuals. Indeed, anyone that uses a bank account is a potential victim. Wells Fargo, and similar financial institutions, are in the best position to prevent such fraud, yet seek to completely avoid their duties, while failing to follow their own policies and procedures for verifying the identity of their customers designed to prevent such fraud. Notwithstanding such efforts, and as set forth below, Wells Fargo has not met the standard set forth in FRCP 12 (b)(6) to dismiss the Complaint. To the extent the Court disagrees, Mr. Flaherty seeks leave to amend certain claims pursuant to FRCP 15(a)(2). Additionally, As set forth in more detail below, the other victim of this particular fraud, Andrew Levetown, seeks to be added to an Amended Complaint as an additional Plaintiff. For the reasons set forth below, the Motion should be denied.

## II. STATEMENT OF FACTS

The Motion's Section entitled "Factual Background as Alleged in the Complaint" fairly summarizes some of the key allegations. *See* Motion, p. 3-4. Notably, the Motion also states, "Despite knowing that Mr. Levetown practiced law in the State of Maryland[1], Mr. Flaherty voluntarily wired $30,000 into a Wells Fargo account opened **in Mr. Levetown's name**, 1400 W. Newlands Drive, East Fernley, Nevada 89408, Account No. XXXXXX0700." *Id.* at p. 2:8-10 (emphasis added). This admission, that Wells Fargo allowed for the opening of an account in Mr. Levetown's name, is relevant to some of the issues raised below.

In short, both Mr. Flaherty and Mr. Levetown are the victims of a fraud that Wells Fargo could have (and should have) prevented.

///

///

///

---

[1] Mr. Levetown practices law in Washington, DC, not Maryland.

2

## III. LEGAL ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While 'detailed factual allegations' are not required, a complaint must have sufficient factual allegations to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. The Complaint States Claims Against Wells Fargo Upon Which Relief Can Be Granted

#### 1. Mr. Flaherty Has Stated a Viable Negligence Claim Even Though he is Not a Wells Fargo Customer

##### a. Wells Fargo Owed Mr. Flaherty a Duty

The Motion posits that Wells Fargo owed no duty to Mr. Flaherty since he was not their customer, and as such, the negligence claim fails. Wells Fargo cites various non-binding caselaw for this proposition. However, Wells Fargo cites no case binding on this Court regarding this argument, and ample competing and compelling authority exists.

For example, in 2021 the United States District Court for the Southern District of California denied the bank defendant's motion to dismiss a negligence claim brought under similar circumstances. Its reasoning is apt.

3

> In ruling on Capital One's prior Motion to Dismiss, the Court recognized that in California, **banks may owe a fiduciary duty of care to a noncustomer** in "extraordinary and specific situations." Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal. App. 4th 472, 479, 56 Cal. Rptr. 2d 756 (Cal. Ct. App. 1996). **"If the circumstances surrounding the opening of the accounts were suspicious [so] as to trigger a duty to investigate a potentially phony account, such a duty to investigate a suspicious account opening may arise."** Moreover, "this general proposition of non-liability [articulated in Software Design] is far from a per se rule." Bear Stearns and Co. v. Buehler, 23 Fed. App'x 773, 776 (9th Cir. 2001).
>
> Here, Attisha Enterprises alleges that based on Capital One's internal procedures for opening an account, "Capital One had actual knowledge that the person or entity opening this account was in fact not the entity known as 'TICOR Title Company of California." In support of this allegation, Attisha Enterprises argues that Capital One requires a person opening an account to provide specific documentation to verify the person's relationship to the accountholder, and in this case Capital One nonetheless negligently allowed another entity to open an account in TICOR's name, despite not having provided the requisite documentation.
>
> …
>
> Accordingly, Capital One's Motion to Dismiss the negligence claim is denied.
>
> *Attisha Enters. v. Capital One, N.A.*, No. 3:20-cv-01366-BEN-RBB, 2021 U.S. Dist. LEXIS 33321, at *4-5 (S.D. Cal. Feb. 22, 2021)(emphasis added, internal citations omitted).

*See also, Hanover Ins. Co. v. Wells Fargo Bank, N.A.*, No. CV 18-4146 TJH (KS), 2019 U.S. Dist. LEXIS 239868, at *8-9 (C.D. Cal. Mar. 11, 2019)[2]. Thus, it is clear that Wells Fargo spin of a per se lack of duty to Mr. Flaherty is incorrect.

Like in *Attisha*, the Complaint alleges, in the context of Mr. Flaherty's negligence claim, that there was a breach of duty with respect to the opening and maintaining of the fraudulent account.

> 27.     Wells Fargo had a duty of care to Flaherty when accepting his wire of $30,000, as well as a duty to maintain commercially reasonable banking practices when opening bank accounts such as the imposter account opened by DOE 1.
>
> 28.     Wells Fargo, by allowing DOE 1 to set up an imposter account without verifying its true identity and/or by failing to obtain from DOE 1 sufficient

---

[2] ("Generally, banks do not owe non-customers a duty of care. However, **an exception applies if the following factors weigh in favor of imposing a duty of care**: (1) The foreseeability of the risk of harm to the non-customer; (2) The degree of certainty that the non-customer suffered injury; (3) The closeness of the connection between the bank's conduct and the non-customer's injury; (4) Whether moral blame can be attributed to the bank; (5) Whether the imposition of a duty of care would prevent future harm; (6) The burden on the bank and the consequences to the community if a duty were imposed in a particular situation; and (7) The availability, cost, and prevalence of insurance for the risk involved that could be acquired by the non-customer.") (emphasis added, citations omitted).

4

documentation to prove its/their identity, breached its duty of care to Flaherty and failed to maintain commercially reasonable banking practices or to operate in good faith.

*See* Complaint, p. 5.

To the extent the allegations are not detailed enough, Plaintiff seeks leave to amend the Complaint accordingly. Based on the existence of various banking regulations mandating proper customer identification procedures, including but not limited to 31 CFR 103.121, it is clear that Wells Fargo has (as does every other bank) such internal policies and procedures to verify the identity of its new account holders and that, based on its admission that it opened an account in the name of Mr. Levetown, such policies and procedures were violated here.[3] As such, Wells Fargo clearly had a duty to Mr. Flaherty, even though he was a non-customer, and the negligence claim cannot be dismissed under FRCP 12(b)(5).

### b. The Negligence Claim is not Precluded by UCC 4A

Wells Fargo also argues that Mr. Flaherty's negligence claim fails since UCC Article 4A is the exclusive remedy available. Wells Fargo is correct, but only insofar as the negligence claim addresses breaches of duty related to the wire transaction itself. Numerous courts have found that a negligence claim, predicated on issues other than the transaction itself, are not preempted by UCC 4A. For example, in commenting on *Eisenberg*, cited extensively in the Motion, a Federal District Court stated the following with regard to a similar case against Wells Fargo:

> However, an **exception to this rule has emerged** in the Fourth Circuit via the Court's decision in *Eisenberg v. Wachovia Bank*, N.A., 301 F.3d 220, 224 (4th Cir. 2002). In Eisenberg, the court determined that state law negligence claims rooted in "the duties, obligations and liabilities applicable to bank functions having nothing to do with a Fedwire transfer" can evade preemption by Article 4A because Subpart B of Regulation

---

[3] "31 CFR 103.121 requires a bank to develop and implement a written, board-approved CIP [Customer Identification Program], appropriate for its size and type of business that includes, at a minimum, procedures for: • Verifying a customer's true identity to the extent reasonable and practicable and defining the methodologies to be used in the verification process; • Collecting specific identifying information from each customer when opening an account; • Responding to circumstances and defining actions to be taken when a customer's true identity cannot be appropriately verified with "reasonable belief;" • Maintaining appropriate records during the collection and verification of a customer's identity; • Verifying a customer's name against specified terrorist lists; and • Providing customers with adequate notice that the bank is requesting identification to verify their identities". Bank Secrecy Act, Anti-Money Laundering, and Office of Foreign Assets Control https://www.fdic.gov/regulations/safety/manual/section8-1.pdf.

5

J does not address these claims. 301 F.3d at 224. **More specifically, the court recognized claims regarding the opening and management of fake accounts will not be preempted.** Id.
*Nirav Ingredients, Inc. v. Wells Fargo Bank*, N.A., 516 F. Supp. 3d 535, 540 (W.D.N.C. 2021)(emphasis added).

It goes on to conclude, "Therefore, the Court will allow Nirav's state law negligence claim to proceed to the limited extent Plaintiffs rely on conduct relating to the opening and maintaining of a fraudulent account." *Id.*

As such, Mr. Flaherty's negligence claim (and Mr. Levetown's forthcoming negligence claim) should be permitted to proceed with regard to breaches of duty related to the opening and management of the fake account at issue in this case, as claims predicated on those aspects of Wells Fargo's conduct are not preempted by NRS 104A.4207.

### 2. A Negligence Claim Can Be Asserted by Mr. Levetown

Andrew Levetown[4] is the individual in whose name the fake account was opened, and the individual whose email was hacked allowing for the fraudulent scheme.[5] Based in part on cases cited in the Motion, it is clear that Mr. Levetown has his own grounds to assert a claim for negligence against Wells Fargo. As set forth in more detail below, leave should be granted to allow the addition of Andrew Levetown as a Plaintiff pursuant to FRCP 15(a).

The Motion states, "Despite knowing that Mr. Levetown practiced law in the State of Maryland, Mr. Flaherty voluntarily wired $30,000 into a Wells Fargo account opened in Mr. Levetown's name, 1400 W. Newlands Drive, East Fernley, Nevada 89408, Account No. XXXXXX0700." *See* Motion, p. 2:8-10. While Plaintiff is not in possession of documents from Wells Fargo confirming this contention, and Wells Fargo rejected Plaintiff's previous demands for information regarding the fraudster's Wells Fargo account, Plaintiff takes Wells Fargo at its word at this stage. Based in part on cases cited in the Motion, Mr. Levetown has grounds to assert a claim for negligence against Wells Fargo. As set forth in more detail below, leave should be granted to allow the addition of Andrew

---

[4] Plaintiff seeks leave to add Mr. Levetown as an additional Plaintiff in this case. Mr. Levetown is a resident of Virginia. As such, his addition as a party will not affect the jurisdiction of this Court under 28 U.S. Code § 1332.

[5] Notably, as will be set forth in the Amended Complaint, Mr. Levetown is a longtime customer of Wells Fargo, clearly satisfying the duty prong in the negligence claim.

Levetown as a Plaintiff pursuant to FRCP 15(a).

In addition to the above-cited case law regarding the duty owed to a non-customer, the main case cited by Wells Fargo, *Eisenberg*, itself notes the split in authority on the issue of duty to a non-customer when the noncustomer is the person in whose name an account is fraudulently opened. In this case, like in *Nirav*, and as will be set forth in an Amended Complaint, Mr. Levetown is actually a longtime customer of Wells Fargo.

Even if Levetown was not a customer of Wells Fargo, which he has been for more than ten years, Plaintiff cites no binding case law from Nevada or the 9th Circuit regarding the claim that it owes no duty to non-customers. Indeed, the main case cited by Wells Fargo itself notes the split in authority on this issue. "But see *Patrick v. Union State Bank*, 681 So. 2d 1364, 1371 (Ala. 1996) (holding bank owed duty of care to person in whose name account was opened to ensure that person opening account is not imposter)." *Eisenberg v. Wachovia Bank*, N.A., 301 F.3d 220, 226 (4th Cir. 2002).

In *Patrick*, the imposter opened an account in the non-customer's name, and proceeded to write checks on the fraudulent account. The real Ms. Patrick was arrested for passing fake checks and incarcerated, and she subsequently asserted a claim against the bank for negligence. As in this case, "The bank's position is that in opening new accounts it has no legal duty to use due care to protect members of the general public from fraud perpetrated by a third party who might open a checking account as an imposter." *Id.* at 1367. The Court states,

> It is foreseeable to banks that failing to follow identification procedures will greatly increase the risk of fraud. It endangers the bank, the bank's customers, and the general public. Thus, as a matter of law, it is foreseeable, in terms of the question of duty, that the person in whose name and Social Security number and upon whose identification a checking account is opened may be injured or harmed by fraud if the bank does not employ commercially reasonable means to verify that the person opening the account and to whom checks are given is not an imposter.
> …
> The utilization of established identification policies protects the bank, the bank's customers, and the general public from the very type of criminal activity in question today. Unlike scenarios involving criminal attacks, in this scenario it is the bank, not the state, that is in the best position to safely and effectively deter this type of conduct, and the bank can do it without assuming any undue burden.
>
> *Id.* at 1369-1370.

///

7

The Court goes on to conclude, "[W]e hold that **a bank owes a duty of reasonable care to the person in whose name, and upon whose identification, an account is opened to ensure that the person opening the account and to whom checks are given is not an imposter.**" *Id.* (emphasis added). Again, this was in the context of a non-customer of the bank, which is not the situation with Mr. Levetown, who is a longtime customer of Wells Fargo. The duty owed by Wells Fargo to its customer Mr. Levetown is even more clear.

While there is no pending motion to dismiss the negligence claim of the yet-to-be-added plaintiff Andrew Levetown, it is important to note that the addition of such a claim is not futile (to the extent Wells Fargo will make such an argument). Additionally, as noted above, the Complaint alleges in the context of Mr. Flaherty's negligence claim that there was a breach of duty with respect to the opening and maintaining of the fraudulent account. *See* Complaint, Par. 27-28. As such, leave should be granted to amend the Complaint and make clear that Mr. Levetown has a negligence claim with regard to the same breach of duty.

2. Second Claim for Relief: Conversion

The claim for conversion is asserted against the Doe and Roe Defendants, only. As such, this claim is not addressed in the Motion, and the claim survives.

3. Third Claim for Relief: Unjust Enrichment

The claim for unjust enrichment is asserted against the Doe and Roe Defendants, only. As such, this claim is not addressed in the Motion, and the claim survives.

4. Fourth Claim for Relief: Violation of NRS 41.1395

Plaintiff agrees with Wells Fargo that the Complaint has not alleged that Wells Fargo knew or had reason to know that Plaintiff was a vulnerable person. As such, Plaintiff consents to the dismissal of this claim, but requests that it be dismissed without prejudice pending discovery.

5. Fifth Claim for Relief: Violation of UCC Article 4A (NRS 104A)

Wells Fargo's arguments to dismiss this claim fail for several reasons. First and foremost, Plaintiff has sufficiently alleged that Wells Fargo had actual knowledge, "that the name and number refer to different persons" pursuant to NRS 104A.4207(2)(a). *See* Complaint, Par. 54. For the purposes of a Motion to Dismiss, that allegation must be accepted as true. As such, Plaintiff has stated

a viable claim. That is, based on the allegation of knowledge, the safe harbor provision, which allows Wells Fargo to "rely on the number as the proper identification of the beneficiary of the order" cannot be invoked as a matter of law at this stage to dismiss this claim. *See* NRS 104A.4207(2)(a). Wells Fargo cannot prove its lack of knowledge based on the representations of counsel in an Opposition at the Motion to Dismiss stage. Rather, the Court must accept all allegations as true.

Additionally, and notably, the main case cited by Wells Fargo in support of their position is a case decided *at the summary judgment phase*, after discovery was permitted to uncover the facts as to Wells Fargo's knowledge or lack thereof.

> Wells Fargo moves for summary judgment on grounds that it is entitled to protection under section 11207(b), because it processed the Wire Transfer automatically without actual knowledge of the mismatch between account name and number.
> *Grand Bayman Belize, Ltd. v. Wells Fargo & Co.*, 514 F. Supp. 3d 1188, 1192 (C.D. Cal. 2021)

The court **weighed the evidence following discovery** to determine if a genuine issue of material fact exists, concluding that the evidence supports a finding that Wells Fargo had no actual knowledge, and was thus entitled to the protections of the UCC.

> The undisputed facts support Wells Fargo's assertions. Wells Fargo's MTS received the Wire Transfer on October 5, 2018, at 07:13:39.08 Central Time. (SUF 1, 4.) The Wire Transfer ordered $226,991.45 transferred from Grand Bayman to Account x3420, under the name RAD Architecture. (SUF 1-2.) Upon receipt, the MTS immediately used an "Autoretrieve" function to confirm the beneficiary account number, Account x3420, was a Wells Fargo account number. (SUF 5.) ... **Wells Fargo supports these undisputed facts with competent declaration testimony and business records, neither of which Grand Bayman challenges.** (See Swirtz Decl. ¶¶ 14-15; Wire Details Wells Fargo 0020-21.) Thus, Wells Fargo adequately supports that it processed the Wire Transfer automatically, without human intervention, based on the account number, and had no actual knowledge of the mismatch at the time.
>
> *Id.* at 1193 (emphasis added).

Obviously, Wells Fargo presents no such evidence in its Motion to Dismiss, and regardless, the Court could not consider such evidence at this stage. Rather, the Court is obligated to accept the allegations in the Complaint as true. Even the case of *Serviacero Especiales*, also cited in the Motion, was dismissed only after leave to amend to allege additional facts regarding the bank's knowledge was granted. *Serviacero Especiales SA DE CV v. JPMorgan Chase Bank, N.A.*, 2021 WL 4805448 (C.D.

Cal. July 15, 2021).

Wells Fargo also takes issue with the sufficiency of the "knew or should have known" language in Par. 54 of the Complaint. Of course, Plaintiff is permitted to plead in the alternative. To the extent this is considered fatal to the claim, which it should not be, Plaintiff requests leave to amend the complaint to revise that language.

### 6. Sixth Claim for Relief: Fraud

The claim for fraud is asserted against the Doe and Roe Defendants, only. As such, this claim is not addressed in Wells Fargo's Motion, and the claim survives.

### 7. Seventh Claim for Relief: Negligence Per Se

Based on the caselaw cited in the Motion, Plaintiff stipulates to the dismissal of the negligence per se claim, with respect to Mr. Flaherty, but requests that the dismissal be without prejudice pending discovery.

## C. Leave to Amend

Under FRCP 15(a), leave to amend the Complaint should freely given.

> Rule 15. Amended and Supplemental Pleadings
> a) Amendments Before Trial
> 2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

The Ninth Circuit has expanded on the freely given standard.

> In addition, the claim was dismissed without giving him an adequate opportunity to amend. In the dismissal order, the district court accurately noted that Guerrero did not seek leave to amend his claim. But the district court could have offered that opportunity and did not do so. See Supp. Rule G Advisory Committee Notes ( "[T]he court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15.").With regard to pleadings, our general practice is to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (stating that the policy of freely granting leave to amend is "to be applied with extreme liberality").
>
> United States v. $11,500.00 in United States Currency, 710 F.3d 1006, 1012-13 (9th Cir. 2013).

///

Based on the foregoing, leave should be granted to amend the Complaint to add an additional plaintiff, Andrew Levetown. Additionally, to the extent the Court finds that Mr. Flaherty has failed to state a claim with regard to any of his causes of action against Wells Fargo other than Fourth and Seventh Claims, leave should be granted for him to amend to address those deficiencies.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, and leave should be granted to amend the Complaint.

DATED this ___ day of February, 2022.

**WILEY PETERSEN**

_____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorneys for Plaintiff,*
*Edward Patrick Flaherty*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Wiley Petersen, and that on the 3rd day of February, 2022, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the Unites States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written.

(ELECTRONIC E-MAIL)

Kelly H. Dove, Esq.
Nevada Bar No. 10569
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
kdove@swlaw.com
hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

_____
An Employee of WILEY PETERSEN