Kelly H. Dove, Esq.
Nevada Bar No. 10569
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone:   (702) 784-5200
Facsimile:   (702) 784-5252
kdove@swlaw.com
hcheong@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD PATRICK FLAHERTY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK NA; and DOES 1-50, ROES 51-100,<br><br>Defendants. | Case No. 3:22-cv-00025-MMD-CLB<br><br>**WELLS FARGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

In response to Wells Fargo's Motion to Dismiss, Flaherty concedes that his claims for negligence per se and violation of 41.1395 should be dismissed. As such, the only two claims that remain for consideration are negligence and a violation of UCC Article 4A.

In an attempt to save these two remaining claims, Flaherty seeks leave to amend, though his request does not comply with the Court's local rules or standing order. However, Flaherty's proposed amendments would not change the fact that Wells Fargo does not owe a duty to Flaherty, a non-customer, or Andrew Levetown ("Levetown"), Flaherty's colleague, who Flaherty now claims is a Wells Fargo customer, even though the Complaint alleged otherwise. Regardless, absent "extraordinary and special facts," which are not alleged here, a bank does not owe a duty of care

non-customers, nor to depositors beyond its contract with the depositor, including to police potentially fraudulent activity by accountholders.  For these reasons, the Complaint fails to state a claim and should be dismissed.

## ARGUMENT

### I.   THE COMPLAINT ALLEGED THAT THE ACCOUNT WAS OPENED IN LEVETOWN'S NAME; WELLS FARGO'S MOTION MADE NO SUCH ADMISSION.

Flaherty argues in his Opposition that in recounting the Complaint's allegations, Wells Fargo admitted that it "allowed for the opening an account in Levetown's name."  Opp'n at 2:19-21; 6:18-19.  But Wells Fargo's accepting the factual allegations as true, as Federal Rule of Civil Procedure 12(b)(6) standard requires, is not an admission.

As this Court is well familiar, "[w]hen ruling on a motion to dismiss, [the Court] accepts all factual allegations in the complaint as true." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  "The truth of the matters alleged in pleadings is conceded for purposes of the motion, and the allegations of the pleading are construed most favorably to the pleader.  But when a motion to dismiss is employed for purposes other than as a substitute for a demurrer and traverses the truth of the allegations under local statute or practice, *the motion does not constitute an admission of the facts* so traversed."  19C Am. Jur. Pl. & Pr. Forms Pleading § 310 (citing Am. Jur. 2d, Pleading §§ 481 *et seq.*) (emphasis added).

Consistent with that standard, Wells Fargo's Motion to Dismiss included a section entitled "Factual Background as Alleged in the Complaint," in which it recounted the Complaint's allegations. Mot. at 3:14-4:6.  Despite making clear that Wells Fargo was only recounting the facts "as alleged in the Complaint," Flaherty argues that Wells Fargo somehow admitted some or all of the allegations, most particularly that the Wells Fargo account to which the $30,000 payment was sent was opened in Levetown's name.  Opp'n 2:19-21.  This is not so.  Indeed, the Complaint alleges that the account in question was opened "*in the name of Levetown or his law firm*" and "as the *client trust account of Levetown's law firm*."  Compl. ¶¶ 14, 15, 66 (emphasis added).

/ / /

/ / /

- 2 -

1    These are Flaherty's allegations – not Wells Fargo's admissions.  And, in accepting them

2    as true only for purposes of the Motion to Dismiss, Wells Fargo did not admit anything, including,

3    but not limited to, the name in which the account was opened.[1]

4    **II.    FLAHERTY'S NEGLIGENCE CLAIM**

5         **A.    UCC 4A Preempts Flaherty's Negligence Claim.**

6         Flaherty's negligence claim rests on two duties.  He first alleges that "Wells Fargo had a

7    duty of care to Flaherty when accepting his wire of $30,000[.]"  Compl. ¶ 27.  Second, he alleges

8    that Wells Fargo also had "a duty to maintain commercially reasonable banking practices when

9    opening bank accounts . . . ."  *Id.*  Both duties are displaced by Nevada Revised Statute104A (UCC

10   4A) because, here, both concern the wire transfer at issue.

11        The first alleged duty is displaced because it expressly addresses the wire transfer.  Flaherty

12   concedes as much: "Wells Fargo is correct, but only insofar as the negligence claim addresses

13   breaches of duty related to the wire transaction itself."  Opp'n at 5:13-14.  Flaherty then asks this

14   Court to allow <u>only</u> the second duty to proceed: "Flaherty's negligence claim . . . should be

15   permitted to proceed with regard to breaches of duty related to the opening and management of the

16   fake account at issue in this case, as claims predicated on those aspects of Wells Fargo's conduct

17   are not preempted by NRS 104A.4207."  Opp'n at 6:7-10.

18        Although Flaherty has abandoned the first alleged common law duty, this Court should not

19   permit the second common law duty to proceed either.  That second duty is bound up in the same

20   duty that Flaherty concedes is displaced by Nevada Revised Statute 104A (UCC 4A).  The

21   gravamen of Flaherty's complaint is an allegedly fraudulent wire transfer.  His allegation that Wells

22   Fargo "failed to maintain commercially reasonable banking practices" regarding an account cannot

23   be separated from that wire transfer.  Compl. ¶ 28.  Because Flaherty's concedes the first duty is

24

25

26   [1] Flaherty also complains in this Opposition that "Levetown practices law in Washington DC, not
     Maryland."  Opp'n at 2:17, n.1.  Again, Wells Fargo merely relied on the allegations in the Complaint as to
27   Levetown's location of practice, which asserted that "Andrew Levetown ('Levetown'), … [is] currently
     practicing law in the State of Maryland."  Compl. ¶ 11.  It is irrelevant whether Levetown practices law in
28   Maryland or Washington D.C., as both show Levetown does not practice law in Nevada, the location of the
     account.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

preempted by Nevada Revised Statute104A (UCC 4A), the second duty alleged is preempted as well.[2]

### B. Flaherty Has Not Alleged Extraordinary and Specific Facts to Justify a Duty to Flaherty or Levetown as Wells Fargo Did Not Have Actual Knowledge of Fraud.

Wells Fargo's Motion to Dismiss explained at length that the near-universal law is that banks "do not owe non-customers a duty to protect them from the intentional torts of their customers." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *Ballard v. Royal Tr. Bank*, 202 F.3d 277 (9th Cir. 1999); *Evans v. ZB, N.A.*, 779 F. App'x 443, 444 (9th Cir. 2019); *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 232 (5th Cir. 2010); *Century Bus. Credit Corp. v. N. Fork Bank*, 246 A.D.2d 395, 396, 668 N.Y.S.2d 18, 19 (1st Dep't 1998) ("[T]o hold that banks owe a duty to their depositors' creditors to monitor the depositors' financial activities so as to assure the creditors' collection of the depositors' debts would be to unreasonably expand banks' orbit of duty."); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225–26 (4th Cir. 2002) ("The mere fact that a bank account can be used in the course of perpetrating a fraud does not mean that banks have a duty to persons other than their own customers. To the contrary, the duty is owed exclusively to the customer, not to the persons with whom the customer has dealings."); *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 400 (7th Cir. 2004) (same).

---

[2] Although Flaherty admits that his negligence per se claim fails as a matter of law, he still relies on the Bank Secrecy Act ("BSA") implementing regulations to somehow impose a duty to Plaintiff and Levetown on Wells Fargo in support of Flaherty's negligence claim. Opp'n at 5:4-8, 10:9-12. Absent a common-law duty, a statute can only impose a *new* duty if a plaintiff demonstrates that the legislature intended to impose civil liability by creating a new private right of action under that statute. *Cuyler v. United States*, 362 F.3d 949, 952 (7th Cir. 2004); *Marquay v. Eno*, 662 A.2d 272, 277 (N.H. 1995) (stating that, where "there is no underlying common law cause of action . . . [t]he court must undertake . . . an examination of the statute to determine whether there exists any explicit or implicit legislative intent that a violation of a statute should give rise to a tort cause of action" (quoting *Bob Godfrey Pontiac, Inc. v. Roloff*, 630 P.2d 840, 844 (Or. 1981)). The BSA imposes "a duty on banks and financial institutions to report suspicious activity indicative of criminal activities to the government of the United States." *Towne Auto Sales, LLC v. Tobsal Corp.*, 2017 WL 5467012, at *2 (N.D. Ohio Nov. 14, 2017). "While these statutes [such as the BSA] provide for civil and criminal penalties, a defendant's liability for failure to comply is to the United States government." *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, No. 19-cv-02778-TSH, 2019 WL 3503109, at *7 (N.D. Cal. Aug 1, 2019). "Further, as there is no private right of action, there can be no duty of care arising out of the BSA's monitoring requirements." *Id.* For these reasons, Wells Fargo has no duty to Flaherty or Levetown under 31 CFR 103.121 as Flaherty claims in his Opposition.

- 4 -

In response, the Opposition does not confront this law, other than citing a pair of foreign, district court decisions, which still require actual knowledge. Some courts have recognized a narrow exception where certain "extraordinary and specific facts" exist, meaning that the bank knowingly participated in fraud. *Ballard v. Royal Trust Bank*, 202 F.3d 277, *2 (9th Cir. 1999) (unpublished disposition) quoting *Software Design & Application*, 49 Cal.App.4th at 481; *see also Ramsey v. Hancock*, 79 P.3d 423, 426 (Utah Ct. App. 2003) ("This rule is based on the legal principle that there is no privity between the parties and that therefore the bank owes a stranger no duty of vigilance."). For a circumstance to be considered extraordinary, and thus impose on banks a duty for the benefit of a noncustomer, the bank must have knowledge of a fraud being committed and give "substantial assistance or encouragement to the other to so act." *Evans*, 779 Fed. Appx. at 444–45 (citing *S. Tr. & Commerce Bank v. San Diego Sav. Bank*, 212 P. 385, 388 (Cal. 1922) (when a bank knows a customer is perpetrating fraud, it may not assist the customer in accomplishing the tort); *Casey v. U.S. Bank, N.A.*, 127 Cal. App. 4th 1138, 1153 (Cal. Ct. App. 2005). Stated differently, for a bank to have a duty to a noncustomer, and thus be ordered to "make good the loss that results from the misappropriation", the bank must "knowingly make[] itself a party to a fraud." *S. Tr. & Commerce Bank*, 212 P. at 388.

To the extent Flaherty argues that Wells Fargo somehow owes a duty to Levetown because Flaherty alleges that the account was opened in Levetown's name, as discussed above, Wells Fargo never made, nor could it make, that admission in its Motion to Dismiss. Flaherty alleges that the account was opened in Levetown's name. Compl. ¶¶ 14, 15, 66. Nevertheless, Flaherty fails to cite to authority that would impose a duty on Wells Fargo to Levetown simply because an allegedly fraudulent account was opened in Levetown's name. The only case Flaherty relies on is a twenty-five-year-old Alabama case that is distinguishable from the facts alleged in the Complaint, and which courts have rejected as an "outlier." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Raczkowski*, 764 F.3d 800, 803–04 (8th Cir. 2014) (recognizing that *Patrick* is "an outlier," and other courts faced with this issue have held that there is no relationship between the parties that could establish a duty).

In *Patrick v. Union State Bank*, the bank permitted the imposter to open an account with a license with no picture or permanent address without verifying the Social Security Number of the imposter. 681 So.2d 1364, 1365 (Ala. 1996). The bank employee also noticed that the signatures on the temporary license, signed by the plaintiff, and account signature card, signed by the imposter, were different. *Id.* No such facts to suggest Wells Fargo would have or should have been aware of the fraud are alleged by Flaherty. The holding in *Patrick* is extremely narrow, namely that "if it is foreseeable that the person in whose name and Social Security number and upon whose identification a checking account is opened could be arrested and detained as a result of the bank's opening the account without employing commercially reasonable means of verifying that the person opening the account and to whom the checks are given is not an imposter, then a duty may be imposed upon the bank." *Id.* at 1371. Here, Flaherty does not allege that checks were given to the hackers, only that they convinced Flaherty to wire money to their account.

Flaherty has not alleged – nor could he – that Wells Fargo had actual knowledge that hackers sent Flaherty wiring instructions through Flaherty's colleague's hacked email account. Despite the fact that Wells Fargo did not have actual knowledge of the fraud (none was or could be alleged), Flaherty attempts to impose a duty on Wells Fargo act as an investigator, in addition to a banker. That is contrary to the law and the policy considerations underpinning it. Without a duty of care owed to Flaherty, the first prong of a negligence claim cannot be met as a matter of law. Flaherty's negligence claim must be dismissed. Wells Fargo does not have the duties to non-customer Flaherty upon which his Complaint hinges.

### III.    FLAHERTY'S UCC ARTICLE 4A CLAIM FAILS AS A MATTER OF LAW.

In its Motion to Dismiss, Wells Fargo argued that Flaherty's fifth claim alleging violation of Nevada Revised Statute 104A (UCC 4A) fails as a matter of law because: (1) he has not adequately alleged that Wells Fargo had actual knowledge of a name-number mismatch, and (2) the UCC commercially reasonable practices sections do not apply to Flaherty as a noncustomer. In his opposition, Flaherty disputed the first argument but did not address that second argument, apparently conceding it. As Wells Fargo explained in its Motion, Nevada Revised Statute 104A.4207 (misdescription of beneficiary) turns on whether Wells Fargo had actual knowledge of

a name-number mismatch. Mot. at 18:4-27.  In short, section (2)(a) of that statute immunizes Wells Fargo so long as it lacked actual knowledge of the mismatch, while section (2)(b), upon which Flaherty's complaint relies, applies only if Wells Fargo had actual knowledge of the mismatch. *See* Compl. ¶ 54 (citing NRS 104A.4207(2)(b)).

In response, Flaherty does not dispute that, for purposes of Nevada Revised Statute 104A.4207, "knowledge" means "actual knowledge," nor does he dispute that that his fifth claim fails if Wells Fargo lacked such knowledge of the mismatch.  Instead, in a statement as conclusory as the allegation it is meant to support, Flaherty proclaims that he has sufficiently alleged actual knowledge. *See* Opp'n. at 8:25-26 ("First and foremost, Plaintiff has sufficiently alleged that Wells Fargo had actual knowledge[.]").  Flaherty cites only to paragraph 54 of the complaint, which itself contains nothing beyond a conclusory allegation that Wells Fargo "knew or should have known that the wire transfer order identified different persons by name and number[.]"  Flaherty does not point to even a single factual allegation in the complaint in support of the bald assertion of knowledge in paragraph 54.  That is because there are none.  According to Flaherty, this Court must accept his conclusory allegation as true at the motion to dismiss stage and therefore, he says, his claim survives.

That argument is misguided, and indeed is defeated by authority cited by Flaherty elsewhere in his Opposition.  In his Opposition, Flaherty aptly quotes *Ashcroft v. Iqbal* as explaining that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Opp'n 3:14-16; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that a plaintiff's obligation "to provide the grounds of his entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do" and that courts considering a motion to dismiss are not bound by a complaint's legal conclusions, deductions, and opinions couched as facts) (internal quotations and citation omitted).

Indeed, courts have dismissed claims based on the same UCC 4A provision at the pleading stage where, as here, the claims contained nothing beyond a conclusory assertion of knowledge. *See, e.g., Serviacero Especiales v. JPMorgan Chase Bank, N.A.*, 2021 WL 4805448, at *2 (C.D.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

Cal. July 15, 2021) (granting motion to dismiss UCC 4A claim because conclusory assertion that bank knew of the name-number mismatch does not suffice); *Attisha Enterprises, Inc. v. Capital One, N.A.*, 505 F Supp 3d 1051, 1057–58 (S.D. Cal 2020) (holding negligence claim displaced by UCC 4A and granting motion to dismiss because plaintiff failed to adequately allege Wells Fargo knew of the name-number mismatch); *Sliders Trading Co. L.L.C. v. Wells Fargo Bank, N.A.*, No. 17-CV-04930-LB, 2017 WL 6539843, at *8 (N.D. Cal. Dec. 21, 2017) (same).   Accordingly, Flaherty's first argument, that a conclusory assertion of knowledge is sufficient to survive a motion to dismiss, fails as a matter of law.

Flaherty's second argument fares no better.   Curiously, in the same paragraph, Flaherty argues both that he "has sufficiently alleged that Wells Fargo had actual knowledge" and that "Wells Fargo cannot prove its lack of knowledge . . . ." Opp'n at 8:26, 9:3-4.   Inconsistency aside, by attempting to foist an evidentiary burden on Wells Fargo at this stage, Flaherty seems to imply that, in his view, UCC 4A claims simply cannot be dismissed at the pleading stage. *See* Opp'n at 9:24-25 ("Obviously, Wells Fargo presents no such ***evidence*** in its Motion to Dismiss, and regardless, the Court could not consider such evidence at this stage.") (emphasis added).   Of course, that is demonstrably wrong as shown by the cases cited herein and in Wells Fargo's Motion to Dismiss.   As the defendant, Wells Fargo need not prove its lack of knowledge, the burden is on Flaherty to adequately allege actual knowledge in order to state a claim under Nevada Revised Statute 104A.4207(2)(b), which requires that the beneficiary bank "knows" of the name-number mismatch.

## IV.   THE COURT SHOULD DENY FLAHERTY'S IMPROPER AND FUTILE REQUEST TO AMEND.

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see also Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013) ("[L]eave to amend should not be granted if the proposed amendment would be futile.").

**A.   The Opposition's Request Violates this Court's Local Rules.**

Local Rule 15-1 provides that "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading.  The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include all copies of all exhibits referred to the in proposed amended pleading."  Further, this Court's standing order explicitly requires that any motion for leave to amend a pleading must "concurrently file a redlined or highlighted version comparing the amended pleading, attached as an exhibit to the motion, to the prior operative pleading" in addition to complying with Local Rule 15-1's requirements.  ECF No. 9.

A party's failure to comply with this Rule is grounds for denying a motion to amend.  *See Satz v. Corr. Corps. of Am., Inc.*, 43 F. App'x 64, 66 (9th Cir. 2002); *Cadeaux v. Las Vegas Metro Police Dep't*, No. 2:19-cv-V01584JADVCF, 2021 WL 3115182, at *2 (D. Nev. July 22, 2021) (holding that "[t]he failure to attach a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim."); *Mwanza v. Foster*, No. 3:14-cv-00331-MMD, 2015 WL 5123410, at *1 (D. Nev. Sept. 1, 2015), objections overruled sub nom. *M'wanza v. Foster*, No. 3:14-cv-00331-MMD-WGC, 2016 WL 5661762 (D. Nev. Sept. 28, 2016) (denying a motion to amend because it "did not comply with L.R. 15–1(a) which requires a motion to amend to be accompanied by a proposed amended pleading"); *Walraven v. Everson*, 2007 WL 1893645, at *1 (D. Ariz. July 2, 2007).  Nor is this a mere technicality, as "[w]ithout the proposed amended complaint, [the Court is] unable to determine in what respect it differs from plaintiff's original pleading, and cannot assess the merits of defendant's opposition to plaintiff's request." *Walraven*, 2007 WL 1893645, at *1.

Flaherty failed to comply with Local Rule 15-1 and this Court's standing order, as his request did not include a copy of his proposed amended complaint.  Because the proposed amended pleading helps the Court and other parties assess the nature of the amended claims and allegations, this Court should deny the motion to amend included in his Opposition.

/ / /

/ / /

**B.      Flaherty Cannot Amend his Complaint to Save his Claims.**

In a Central District of California case that mirrors this one, the Court explained that "Plaintiff cannot sue Defendant ***unless Plaintiff can plead facts*** that would demonstrate that [the California equivalent of NRS 104A.4207(2)(b)] applies – i.e., that Defendant knew that the number and the name applied to different people." *Serviacero Especiales v. JPMorgan Chase Bank, N.A.*, No. EDCV21380JGBSPX, 2021 WL 4805447 (C.D. Cal. May 20, 2021) (emphasis added).

Flaherty's Opposition did not grapple with that case other than to point out that the Court did not dismiss the case until after giving leave to amend. That's true. But what Flaherty fails to appreciate is that the Court then dismissed the amended complaint for the same pleading deficiencies in Flaherty's own complaint, explaining "Plaintiff alleges no facts that demonstrate that Defendant actually knew of the discrepancy. Rather, Plaintiff alleges that the wiring instructions named GML Steel SA as the beneficiary, and therefore that Defendant knew of the discrepancy." *Serviacero Especiales SA DE CV v. JPMorgan Chase Bank, N.A.*, No. EDCV21380JGBSPX, 2021 WL 4805448, at *2 (C.D. Cal. July 15, 2021). But, as the Court explained, "it was not Defendant's duty to discover the discrepancy between beneficiary name and account number." *Id.* (emphasis in original). Accordingly, the Court held that "Plaintiff's addition of the conclusion that Defendant knew of the discrepancy does not change the fact that Plaintiff has alleged no facts to support that inference, beyond the bald assertion that the name and number on the payment did not match." *Id.* (emphasis in original).

The present case even more strongly supports dismissal without leave to amend. As discussed above, Flaherty alleges Wells Fargo "knew ***or should have known***" of the name-number mismatch. Compl. ¶ 54 (emphasis added). In his Opposition, he notes that he is "permitted to plead in the alternative." Opp'n at 10:3. He certainly is, but by doing so he has revealed that he does not have any basis to allege Wells Fargo had actual knowledge of the mismatch. If he did, there would be no need to plead the insufficient, alternative language. Indeed, Flaherty does not say he intends to plead facts to support an allegation of actual knowledge, he simply "requests leave to amend the complaint to revise that language." Opp'n at 10:4-5. But simply deleting the "or should have known" language would not save his claim, the claim would merely be left with a

conclusory allegation of knowledge.  For the reasons above and in Wells Fargo's Motion to Dismiss, that conclusory allegation does not suffice to state a claim under Nevada Revised Statute 104A.4207(2)(b).  Accordingly, this Court should dismiss Flaherty's fifth claim without leave to amend.

### C. Wells Fargo's Duties to Its Customers Are Governed by Contract, Not Tort, and as such Levetown Cannot Assert a Negligence Claim.

Flaherty now seeks to add Levetown as a plaintiff in this action, stating in his Opposition that "Levetown is actually a longtime customer of Wells Fargo," and that the duty prong of the negligence claim is therefore satisfied.  Opp'n at 6:13 n.5, 7:5-6.  As an initial matter, however, Flaherty's Complaint alleges the opposite – that Levetown "had no relationship with Well [sic] Fargo."  Compl. ¶ 17.  In any event, Wells Fargo does not have a duty in tort to either Flaherty, a non-customer, or Levetown, a now-purported customer.

It is well established, under U.S. Supreme Court, Ninth Circuit, and Nevada law, that a bank does not own a duty to its depositors beyond the contract governing the relationship.  *See, e.g.*, *Bank of Marin v. England*, 385 U.S. 99, 101 (1966) (the "relationship of bank and depositor is that of debtor and creditor, founded upon contract") (applying California law); *Bank of Am., N.A. v. Enright*, 662 Fed. App'x. 518, 520–21 (9th Cir. 2016) ("The only relationship between the parties established by the facts as pleaded was that between a lender and a borrower.  A lender-borrower relationship, however, does not give rise to fiduciary duties.") (applying Idaho law); *Dunham Tr. Co. as Tr. of Darrell N. Garmann Testamentary Tr. 2012 v. Wells Fargo Bank, N.A.*, No. 3:18-cv-00181-LRH-WGC, 2019 WL 489095, at *5 (D. Nev. Feb. 7, 2019) ("As a matter of law, a bank and a depositor do not have an agent-principal relationship."); *McStay Supply Co. v. John S. Cook & Co.*, 35 Nev. 284, 132 P. 545, 548 (1913) ("the relationship of bank and depositor is that of debtor and creditor"); *McAlister v. Citibank (Arizona), a Subsidiary of Citicorp*, 829 P.2d 1253, 1259 (Ariz. Ct. App. 1992) (determining that there was no fiduciary relationship between lender and borrower); *Garcia v. JPMorgan Chase Bank NA*, No. CV-15-01493-PHX-DLR, 2017 WL 1311668, at *8 (D. Ariz. Apr. 5, 2017) ("Under Arizona law, banks and their customers generally

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

do not share any special relationship beyond that of 'a [b]ank and an ordinary depositor.'") (quoting *McAlister*, 829 P.2d at 1258).

As banks have no duty to their customers beyond the four corners of the contract governing the depositor relationship, it is logical that "banks generally owe no duty to non-customers," like Flaherty. *Evans*, 779 F. App'x at 444 (applying California law); *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 519 (5th Cir. 2018) (holding that a bank generally owes no duty to a non-customer); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002) (recognizing that courts in numerous jurisdictions have held that a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship and holding that a bank does not owe a duty of care to a customer either); *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (holding that as a general matter, "a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship"); *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 399 (7th Cir. 2004) (recognizing and endorsing majority rule refusing "to impose on banks a general duty of care toward persons who are not their customers and to whom therefore they have no contractual obligations"). As such, if Levetown is a Wells Fargo accountholder, Wells Fargo's duties to Levetown are governed by the contract (i.e., Account Agreement), and not by tort. As such, regardless of any amendment, Wells Fargo does not have a tort duty to Levetown, which would make any amendment to add Levetown as a plaintiff to save Flaherty's negligence claim futile.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Flaherty's claims against Wells Fargo fail as a matter of law.  Further, Flaherty's request for leave to amend violates the Court's local rules and standing order.[3]

SNELL & WILMER L.L.P.

Dated:  February 14, 2022

By: */s/ Kelly H. Dove*
    Kelly H. Dove, Esq.
    Holly E. Cheong, Esq.
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    *Attorneys for Defendant Wells Fargo Bank,*
    *N.A.*

---

[3] Flaherty also argues that his claims "against the Doe and Roe Defendants, only" survive.  *Id.* at 8:14-19, 10:6-8.  However, this Court cannot entertain claims against unnamed defendants once the named defendant is dismissed.  *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1533 n.9 (9th Cir. 1989); *Gee v. Lombardo*, No. 2:17-cv-02710-JAD-BNW, 2020 WL 5653985, at *4 (D. Nev. Sep. 23, 2020) (stating that claims against unnamed defendants "will be deemed abandoned" upon granting summary judgment to the named defendants).  As such, while Wells Fargo takes no issue with Flaherty's pursuit of the actual alleged wrongdoers, as a matter of law, the action cannot continue once Wells Fargo is dismissed.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

## CERTIFICATE OF SERVICE

2          I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18)

3    years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a

4    true and correct copy of the foregoing **WELLS FARGO'S REPLY IN SUPPORT OF ITS**

5    **MOTION TO DISMISS** by method indicated below:

6
☐          **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
7          number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a).
           A printed transmission record is attached to the file copy of this document(s).
8
☐          **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with
9          postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed
           as set forth below.
10
☐          **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight
11          delivery service company for delivery to the addressee(s) on the next business day.

12
☐          **BY PERSONAL DELIVERY:**  by causing personal delivery by, a messenger service
           with which this firm maintains an account, of the document(s) listed above to the
13          person(s) at the address(es) set forth below.

14
■          **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for
           electronic filing and service upon the Court's Service List for the above-referenced case.
15
☐          **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of
16          the individual(s) listed below.

17
DATED this 14th day of February, 2022.
18

19                                              */s/ Maricris Williams*
                                                An employee of SNELL & WILMER L.L.P.
20
4892-5741-2364
21

22

23

24

25

26

27

28

- 14 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200