JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
**WILEY PETERSEN**
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorney for Plaintiff, Edward Patrick Flaherty*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD PATRICK FLAHERTY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK NA; and DOES 1-50, ROES 51-100.<br><br>Defendants. | CASE NO.: 3:22-cv-00025-MMD-CLB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS** |

Plaintiff, EDWARD PATRICK FLAHERTY, ("Mr. Flaherty" or "Plaintiff"), by and through his attorney of record, Jonathan D. Blum, Esq. of the law firm Wiley Petersen, hereby opposes Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK, N.A.'s ("Wells Fargo" or "Defendant") Motion to Stay Discovery Pending Motion to Dismiss (the "Motion").

/ / /

/ / /

/ / /

/ / /

1

This opposition is based upon the following memorandum of points and authorities, the pleadings and papers on file herein, and any argument of counsel that may be considered at the time of the hearing on this matter.

DATED this 17 day of February, 2022.

WILEY PETERSEN

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorney for Plaintiff, Edward Patrick Flaherty*

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

Mr. Flaherty was the victim of bank fraud due, in part, to Wells Fargo's failure to abide not only by the law, but by its own policies and procedures. Wells Fargo is desperate not to let the extent of their malfeasance become known to Plaintiff, and thus seeks to stay discovery while their Motion to Dismiss is pending. Wells Fargo is not entitled to a stay under the caselaw, nor would a stay make sense in this case. First, the parties have already conducted their FRCP 26(f) conference, and have agreed to a 180-day discovery period pursuant to LR 26-1. This is not a complex case wherein discovery will be expensive or overly burdensome. Indeed, discovery should be relatively straightforward. In short, Plaintiff seeks documents from Wells Fargo related to the fraudulent bank account in question, the transactions related thereto, as well as documentation used by the fraudster to establish the fraudulent account. Plaintiff has served early Rule 34 requests, pursuant to FRCP 26(d)(2), response to which are due on March 11, 2022. Only Wells Fargo is in possession of this information. Such information is necessary not only to discover fraudster's identification accepted by

///
///

2

Wells Fargo to open the account in question, but also to identify the Roe/Doe Defendants.[1] It would not be burdensome for Wells Fargo to produce its file and responses to the pending Requests for Production while the Motion to Dismiss is pending.

Additionally, as set forth below, Wells Fargo has failed to meet its high burden to stay discovery. That is, after taking a "preliminary peek" at the Motion to Dismiss, Wells Fargo has not established that Plaintiff will be unable to state a claim. That is, there is not a high likelihood that the Motion to Dismiss will be granted in full, especially without leave to amend. Aside from the meritorious claims and the caselaw cited in the Opposition (ECF No. 12), Plaintiff seeks to amend the Complaint to add an additional Plaintiff, the claims of which are not even pending in the Motion to Dismiss. Postponing discovery for an indeterminate amount of time would be prejudicial to Plaintiff and would unnecessarily delay this case.

## II.    STATEMENT OF FACTS

The section in the Motion to Dismiss entitled "Factual Background as Alleged in the Complaint" fairly summarizes some of the key allegations. *See* Motion, p. 3-4. Notably, the Motion to Dismiss also states, "Mr. Flaherty voluntarily wired $30,000 into a Wells Fargo account opened **in Mr. Levetown's name**[2], 1400 W. Newlands Drive, East Fernley, Nevada 89408, Account No.

---

[1] Wells Fargo's Reply in Support of its Motion to Dismiss (ECF No. 16) misrepresents its own cited caselaw and suggests that, even in the event Wells Fargo is dismissed, this Court "cannot entertain claims against unnamed defendants." *See* Opposition, p. 13, fn 3. However, in the recent *Gee* case it cites, this Court stated the following: "Discovery closed last year and Gee has not sought to amend his complaint to substitute any individuals as named defendants. Thus, Gee must show cause why his case against the unnamed defendants should not be **dismissed for failure to take the necessary steps to determine the unnamed defendants' identities and timely substitute them into this case**. If Gee fails to show cause to continue with these remaining claims against yet unnamed defendants by October 30, 2020, these claims will be deemed abandoned and this case will be closed without further prior notice." *Gee v. Lombardo*, No. 2:17-cv-02710-JAD-BNW, 2020 U.S. Dist. LEXIS 175019, at *11 (D. Nev. Sep. 23, 2020) (emphasis added). Clearly, the order to show cause was issued *after* discovery and was certainly not an automatic dismissal, as represented by Wells Fargo. The case law does not support the proposition that, at the motion to dismiss stage, Plaintiff will not be able to pursue discovery to identify the Doe/Roe defendants. Indeed, that discovery has already been tendered.

[2] Wells Fargo's Reply in Support of its Motion to Dismiss (ECF No. 16) states that they did not admit in whose name the account was opened, but were merely accepting the allegations of the Complaint as true. *See* Opposition, p. 3:1-3. However, since Plaintiff has no direct knowledge as to the name used to open the fraudster's account, it alleged as follows: "Defendant Wells Fargo failed to

3

XXXXXX0700." *Id.* at p. 2:8-10 (emphasis added). This admission, that Wells Fargo allowed for the opening of an account in Mr. Levetown's name, is relevant to some of the issues raised in the Opposition to the Motion to Dismiss.

In short, both Mr. Flaherty and Mr. Levetown are the victims of a fraud that Wells Fargo could have (and should have) prevented.

## III. LEGAL ARGUMENT

### A. Legal Standard

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, an overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases.

There is a plethora of Nevada and Ninth Circuit caselaw setting forth the high burden to stay discovery pending a motion to dismiss, which Wells Fargo has failed to meet. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Indeed, this Court has stated, "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citation omitted). Rather, a stay of discovery should **only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief**. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) (emphasis added). Ultimately, the party seeking the stay "**carries the heavy burden** of making a strong showing why discovery should be denied." *Id.* at 603 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975) (emphasis added).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss

---

comply with FinCEN rules and regulations to identify and verify the identity of Defendant DOE 1 when opening the account **in the name of Levetown or his law firm** at the Wells Fargo branch in which the fraudulent wire transfer funds were deposited, or to understand the nature and purpose of DOE 1's relationship with Wells Fargo in order to develop a customer risk profile for DOE 1." ***See*** Complaint, Par. 66 (emphasis added).

4

under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation)." *Tradebay* at 603. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner*, 175 F.R.D. at 555-56 (quoting Twin City Fire Ins. v. Employers Insurance of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989)).

Notably, "To show good cause in the Ninth Circuit, the moving party **must show more than an apparently meritorious 12(b)(6) claim**: 'A district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.'" Id. (emphasis added, citations omitted.) "Common examples of situations in which good cause has been found are when jurisdiction, venue, or immunity are preliminary issues." *Id.* "A merely colorable defense usually will not qualify to stay discovery. Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Holmes v. Metro. Police Dep't*, No. 2:13-cv-00877-APG-GWF, 2014 U.S. Dist. LEXIS 103136, at *7-8 (D. Nev. July 29, 2014) (emphasis original).

Under Federal Rule of Civil Procedure 26(c), the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* However, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

This Court has commented on the "preliminary peek" approach as follows.

> However, as the court in Mlenjnecky recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. 2011 U.S. Dist. LEXIS 16128, 2011 WL 489743 at *6. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive, this court

> must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Tradebay* at 603.

Here, Wells Fargo has essentially re-pled its Motion to Dismiss, but has not met its high burden to stay discovery. Indeed, a preliminary peek at the Motion to Dismiss briefing does not support the contention that there is "no question" that the dispositive motion will prevail nor that the Plaintiff, including after amendment to add an additional party, is unable to state a claim for relief.

### B. The Motion to Dismiss Does Not Support the Contention that Plaintiff Will be Unable to State a Claim

Plaintiff essentially rehashes the arguments set forth in its Motion to Dismiss. The Opposition which was filed after the Motion to Stay albeit later the same day, effectively rebuts the grounds for dismissal in the two claims that were not abandoned: negligence and Violation of UCC Article 4A (NRS 104A). Plaintiff refers to and incorporates the legal and factual arguments set forth in the Opposition. *See* ECF No. 12. In short, the two remaining claims against Wells Fargo are clearly viable based on the case law set forth therein. At the very least, Wells Fargo cannot meet the high burden that there is "no question in the court's mind that the dispositive motion will prevail."

Additionally, Plaintiff seeks leave to amend the Complaint to the extent either of those claims lack sufficient factual allegations. Further, the Opposition seeks to add an additional Plaintiff to an Amended Complaint, Andrew Levetown. As explained in the Opposition, Mr. Levetown was the other victim in the subject fraud, in that he was the intended transferee of Mr. Flaherty's wire. Notably, much of the Motion to Dismiss focuses on Wells Fargo's alleged lack of duties to Mr. Flaherty based on his status as a non-customer (which is rebutted in the Opposition). Nonetheless, Mr. Levetown (personally) is indeed a customer of Wells Fargo, and the Opposition cites ample caselaw as to Wells Fargo's duties to him. As such, even if both of Mr. Flaherty's claims are dismissed, which Plaintiff strongly believes will not be the outcome of the Motion to Dismiss, the case will nonetheless proceed at the very least with forthcoming claims by Mr. Levetown against Wells Fargo. As such, the pending motion is not potentially dispositive of the entire case, even if Mr. Flaherty cannot state a claim. Based on this alone, the Motion should be denied.

**C. Discovery Has Begun and Should not be Stayed**

The parties conducted their FRCP 26(f) conference on February 9, 2022. On February 7, 2022, Plaintiff served Defendant with a set of Requests for Production pursuant to FRCP 26(d)(2), which were deemed served on February 9, 2022, pursuant to the Rule. Wells Fargo's deadline to respond is March 11, 2022. Plaintiff is diligently pursuing discovery in this case because, among other reasons, it is only Wells Fargo that is in possession of documents that can lead to the identity of the DOE and ROE defendants. (Of course, such documents will also shed light on what Wells Fargo knew, and when, which may impact the claims against them as well.)

Having Wells Fargo make its initial disclosures (which are due on February 23, 2022, in light of the fact that the parties conducted their FRCP 26(f) conference on February 9, 2022), as well as respond to the pending Requests for Production, is far from overly burdensome. In essence, they must simply produce their file related to the fraudulent account. Obviously, they seek to avoid doing so not because of undue burden, but because of the contents of said documents. Again, this is not a complex case involving large volumes of documents that would be difficult to assemble and produce.

Nonetheless, if the Court is inclined to limit discovery in some way pending the outcome of the Motion to Dismiss, it should allow the pending discovery to proceed (Initial Disclosures due on February 23, 2022, and Wells Fargo's Responses to Requests for Production due on March 11, 2022), and only stay further discovery. That would (hopefully) allow Plaintiff to determine the identity of the Doe and Roes and name them so that the case can progress without unnecessary delay. Wells Fargo is a multi-billion-dollar national bank. Producing its file related to a single account is hardly burdensome. Rather, seeking to draw out the litigation against a self-funded individual for as many months as possible before abiding by their discovery obligations is prejudicial and unsupported by the relevant caselaw cited above. They should not be permitted to do so.

**D. Staying Discovery Will Prejudice Plaintiff**

Plaintiff has been diligent in moving discovery along, as such discovery is needed to identify the Doe and Roe Defendants. As noted above, the parties have already conducted their FRCP 26(f) conference, and have agreed to a 180-day discovery period pursuant to LR 26-1. Plaintiff also served early Rule 34 requests, pursuant to FRCP 26(d)(2), which are due on March 11, 2022. Plaintiff seeks

documents from Wells Fargo, which are only available from Wells Fargo, related to the fraudulent bank account in question, the transactions related thereto, as well as documentation used by the fraudster to establish the fraudulent account. Such information is necessary to identify the Roe/Doe Defendants. Allowing Wells Fargo to halt discovery will prejudice Plaintiff as it will cause an unnecessary delay in Plaintiff obtaining key documents necessary to identifying, naming and serving the fraudsters. Only Wells Fargo is in possession of this information, and other than generalized claims of burden, have not articulated any reason why producing their file related to this account would be burdensome. Postponing discovery for an indeterminate amount of time, especially given that the parties agreed to a short, 180 discovery period, would be prejudicial to Plaintiff and contrary to FRCP 1 which mandates that the Rules be, "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Discovery Pending Motion to Dismiss.

DATED this 17 day of February, 2022.

WILEY PETERSEN

JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorneys for Plaintiff,*
*Edward Patrick Flaherty*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Wiley Petersen, and that on the 17th day of February, 2022, I caused to be served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the Unites States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written.

(ELECTRONIC E-MAIL)

Kelly H. Dove, Esq.
Nevada Bar No. 10569
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
kdove@swlaw.com
hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

_____
An Employee of WILEY PETERSEN