JONATHAN D. BLUM, ESQ.
Nevada Bar No. 9515
**WILEY PETERSEN**
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorney for Plaintiff, Edward Patrick Flaherty*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD PATRICK FLAHERTY, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK NA; and DOES 1-50, ROES 51-100.<br><br>          Defendants. | CASE NO:  3:22-cv-00025-MMD-CLB<br><br>**JOINT RULE 26(F) CONFERENCE REPORT AND JOINT DISCOVERY PLAN** |

Plaintiff, EDWARD PATRICK FLAHERTY, ("Mr. Flaherty" or "Plaintiff), by and through his attorney of record, Jonathan D. Blum, Esq. of the law firm Wiley Petersen and Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant"), by and through its counsel, the law firm of Snell & Wilmer LLP (collectively the "Parties"), hereby submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

On February 9, 2022, the Parties by and through their respective counsel of record, met and conferred by telephone as required by Rule 26(f). During the telephone conference, the matters set forth in Rule 26(f) were discussed. The following are the results of the discussions between counsel for the Parties.

1.  Brief Factual Summary and Procedural History of the Case:

This case involves Mr. Flaherty's claims for damages arising from his transferring money to a Wells Fargo bank account at the direction of a fraudster.

2.  Initial Disclosures:

Plaintiff's Initial Disclosures will be due and produced on **February 23, 2022.**

Defendant's Initial Disclosures will be due and produced on **February 23, 2022.**

3.   <u>Number of Days Required for Discovery:</u> The parties do not anticipate that discovery will exceed the one hundred eighty (180) days anticipated by LR 26-1(e). The Parties therefore stipulate to a discovery cut-off date of **July 19, 2022**, which is 180 days after Defendant's Motion to Dismiss was filed.

4.   <u>Amending the Pleadings and Adding Parties:</u> Plaintiff seeks to add an additional party, Andrew Levetown, as a plaintiff Mr. Levetown's claims will need to be added to an Amended Complaint.  Wells Fargo does not stipulate to this amendment.  Additionally, Plaintiff is seeking to identify Doe and Roe defendants that, if and when identified, will need to be added as defendants.

The Parties believe that it is premature before discovery to anticipate whether additional claims may need to be added into this action. If it is discovered that different or additional parties are responsible for the subject claims, or that additional claims exist which should be included in this litigation, including possible counterclaims, the Parties will seek to add those Parties as defendants and/or add the additional claims in this action, either by stipulation to do so by amended pleadings, or through a motion to amend the pleadings, as needed. The Parties agree the date of filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the close of discovery pursuant to Local Rule 26-1(e)(2), or **April 20, 2022**.

5.   <u>Fed. R. Civ. P. 26(a)(2) Expert Disclosures:</u> The Parties agree that the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for disclosures concerning experts shall not be later than sixty (60) days prior to the close of discovery pursuant to Local Rule 26 1(b)(3), or **May 20, 2022**. Rebuttal expert disclosures shall be made 30 days after the initial disclosure of experts, which is **June 20, 2022**.

6. <u>Dispositive Motions:</u> The Parties agree that the date for filing dispositive motions shall be pursuant to Local Rule 26-1(e)(4) and not later than thirty (30) days after the discovery cut-off date, or **August 18, 2022**.

7.   <u>Pretrial Order:</u> The Parties agree that pursuant to Local Rule 26-1(e)(5), the Joint Pretrial Order shall be filed not later than (30) days after the date for filing dispositive motions,

or **September 19, 2022**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.

8. <u>Extensions of Scheduled Deadlines:</u> In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the expiration of the subject deadline.

9. <u>Fed. R. Civ. P. 26(a)(3) Disclosures:</u> Pursuant to Local Rule 26-1(e)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereof shall be included in the Joint Pretrial Order.

10. <u>Subjects for Discovery:</u> The Parties agree that discovery may be needed on all claims or defenses raised in the pleadings.

At this time, the Parties do not anticipate conducting discovery in phases or otherwise limiting discovery to particular issues.

Wells Fargo has filed a Motion to Stay Discovery, which Plaintiff has opposed.  In entering this joint discovery plan at present in compliance with its obligations under the Federal Rules of Civil Procedure and Local Rules, Wells Fargo does not withdraw its Motion to Stay Discovery or waive any arguments raised therein.  Wells Fargo continues to seek to stay discovery.  Should the Motion to Stay Discovery be granted, the Parties agree that discovery will be stayed pursuant to order of this Court.

11. <u>Privilege:</u> The Parties intend to enter into a stipulated protective order to protect the confidentiality of materials that are normally kept confidential by the parties, either for proprietary, commercially competitive reasons and other federal and state privacy grounds. At this time, the Parties do not see the need to request the Court to enter any orders other than the Stipulated Protective Order which the Parties intend to submit within thirty (30) days.

12. <u>Alternative Dispute Resolution.</u> The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

/ / /

13. <u>Alternative Forms of Case Disposition.</u> The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

14. <u>Electronic Evidence:</u> The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have reached no stipulations yet concerning providing discovery in an electronic format compatible with the court's electronic jury evidence display system.   The parties may serve discovery requests, discovery responses, and disclosures via electronic mail or U.S. Mail. For electronic service to be effective as to Mr. Flaherty, in addition to electronic service to all counsel of record, electronic service shall also be sent to Caitlin Pascal at cpascal@wileypetersenlaw.com, unless otherwise amended in writing by Mr. Flaherty. For electronic service to be effective as to Wells Fargo, in addition to electronic service to all counsel of record, electronic service shall also be sent to Deborah Shuta at dshuta@swlaw.com, Maricris Williams at mawilliams@swlaw.com, Monica Camacho at mcamacho@swlaw.com, and Docket_LAS@swlaw.com (note underscore between Docket and LAS), unless otherwise amended in writing by Wells Fargo.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15. <u>Discovery and Motion Dates:</u>

A. Close of Discovery:    **July 19, 2022**

B. Motions to Amend Pleadings    **April 20, 2022**

or Add Parties (without court order):    (90 days before close of discovery)

C. Initial Experts:    **May 20, 2022**

(60 days before close of discovery)

D. Rebuttal Experts:    **June 20, 2022**

(30 days after initial disclosure of

experts)

E. Final date to file Dispositive    **August 18, 2022**

Motions:    (30 days after discovery cut-off)

F. Joint Pretrial Order:    **September 19, 2022**

(30 days after date set for dispositive

motions)

<u>Dated:  February 23, 2022</u>          <u>Dated:  February 23, 2022</u>

**WILEY PETERSEN**          **SNELL & WILMER L.L.P.**

By: _____          By: <u>*/s/ Holly E. Cheong*</u>

    Jonathan D. Blum, Esq.              Kelly H. Dove, Esq.
    Nevada Bar No. 9515              Nevada Bar No. 10569
    1050 Indigo Dr., Suite 200B              Holly E. Cheong, Esq.
    Las Vegas, NV 89145              Nevada Bar No. 11936
                           3883 Howard Hughes Parkway, Suite 1100
*Attorneys for Plaintiff Edward Patrick*              Las Vegas, NV 89169
*Flaherty*

                           *Attorneys for Defendant Wells Fargo*
                           *Bank, N.A.*

**IT IS SO ORDERED.**

**DATED: _____, 2022**

**_____**
**UNITED STATES MAGISTRATE JUDGE**

1

## CERTIFICATE OF SERVICE

2       I hereby certify that I am an employee of Wiley Petersen, and that on the 23rd day of

3  February, 2022, I caused to be served a true and correct copy of the foregoing **JOINT RULE**

4  **26(F) CONFERENCE REPORT AND JOINT DISCOVERY PLAN** in the following

5  manner:

6       (ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of

7  the United States District Court for the District of Nevada, the above-referenced document was

8  electronically filed on the date hereof and served through the Notice of Electronic Filing

9  automatically generated by that Court's facilities.

10  Kelly H. Dove, Esq.
Nevada Bar No. 10569
11  Holly E. Cheong, Esq.
Nevada Bar No. 11936
12  SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
13  Las Vegas, NV 89169
Telephone: (702) 784-5200
14  Facsimile: (702) 784-5252
kdove@swlaw.com
15  hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*
16

17

18                                      

19                An Employee of WILEY PETERSEN

20

21

22

23

24

25

26

27

28