UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD PATRICK FLAHERTY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-CV-00025-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY AND DENYING AS MOOT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>[ECF Nos. 11, 20] |

　　Before the Court is Defendant Wells Fargo Bank National Association's ("Wells Fargo") motion to stay discovery. (ECF No. 11.) Plaintiff Edward Flaherty opposed the motion, (ECF No. 17), and Wells Fargo replied. (ECF No. 18.) Also before the Court is the parties' joint stipulated discovery plan and scheduling order ("DPSO"). (ECF No. 20.) The Court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the Court grants the motion to stay discovery and denies as moot the joint DPSO.

　　Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under the Federal Rules of Civil Procedure, the court may stay or limit the scope of discovery upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c). Meeting the "good cause" requirement is no easy task. The party seeking the stay must make a "strong showing" as to why discovery should be denied; broad statements about inconvenience, cost, or a need for protection are insufficient. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

　　To determine if a stay of discovery is appropriate pending the ruling on a motion to dismiss, the Court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and, (3) whether the court is convinced that the plaintiff cannot state

a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). To determine whether the plaintiff can state a claim, the Court must take a "preliminary peek" at the merits of the underlying dispositive motion—in this case, Wells Fargo's motion to dismiss. (ECF No. 7.) *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* at 603.

In conducting its review, the Court must consider the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Having reviewed all the factors set forth above and after conducting a "preliminary peek" of the underlying motion to dismiss, the Court finds that each of the above factors, coupled with the considerations embodied by Rule 1 of the Federal Rules of Civil Procedure, weigh in favor of granting a short stay of discovery pending resolution of Wells Fargo's motion to dismiss. Accordingly, Wells Fargo's motion to stay discovery, (ECF No. 11), is **GRANTED**, and the joint DPSO, (ECF No. 20), is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED: February 24, 2022.

_____
UNITED STATES MAGISTRATE JUDGE