UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD PATRICK FLAHERTY,<br><br>    Plaintiff,<br>    v.<br>WELLS FARGO BANK NATIONAL ASSOCIATION., d/b/a WELLS FARGO BANK NA, *et al*.,<br><br>    Defendants. | Case No. 3:22-cv-00025-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

Plaintiff Edward Patrick Flaherty brings this action against Defendants Wells Fargo Bank National Association and various unidentified hackers (DOES 1-50 and ROES 51-100)[1] for the losses he suffered when the hackers convinced him to wire $30,000 into a Wells Fargo account. (ECF No. 1-1.) Before the Court is Wells Fargo's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 7 ("Motion").) Because Flaherty has failed to plead facially plausible claims, and as further explained below, the Court will grant Well Fargo's Motion but will allow Flaherty leave to amend his misdescription of beneficiary claim against Wells Fargo.

///

///

---

[1] Although the use of "Doe" to identify a Defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known before filing a complaint but can subsequently be determined through discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendants comes to light during discovery, Flaherty may move to substitute the true names of Doe Defendants to assert claims against the Doe Defendants at that time.

[2] Flaherty filed a response and Wells Fargo filed a reply to the Motion. (ECF Nos. 12, 16.)

## II.     BACKGROUND[3]

Flaherty is an attorney in Geneva, Switzerland. (ECF No. 1-1 at 3.) He was co-counsel with Andrew Levetown, an American attorney, on a mass tort case. (*Id*.) Flaherty alleges that unknown individuals hacked into Levetown's professional email account and began impersonating Levetown and communicating with Flaherty. (*Id*. at 4.) They convinced Flaherty to wire $30,000 into a fraudulent "client trust account" of Levetown's firm at Wells Fargo. (*Id*.) On June 22, 2021, Flaherty wired $30,000 from his bank in Switzerland to this imposter account at Wells Fargo's Battle Mountain, Nevada branch. (*Id*.)

Flaherty later learned from Levetown that this Wells Fargo account was not his client trust account, and that Levetown's professional email account had been hacked. (*Id*.) Wells Fargo denied subsequent requests from Flaherty and his bank for the return of the money because Flaherty was not a customer of Wells Fargo's and the money had already been withdrawn from the account. (*Id*. at 4-5.) Wells Fargo also refused to provide Flaherty with any identifying information of the hackers and refused to report the fraud to local law enforcement. (*Id*. at 5.)

Flaherty subsequently filed a lawsuit in the Eighth Judicial District Court of the State of Nevada against Wells Fargo and the unidentified hackers (DOES 1-50 and ROES 51-100), asserting the following claims in his Complaint: (1) negligence (Wells Fargo); (2) conversion (DOES 1-50 and ROES 51-100); (3) unjust enrichment (DOES 1-50 and ROES 51-100); (4) violation of NRS § 41.1395 (all Defendants); (5) violation of UCC Article 4A (NRS Chapter 104A) (Wells Fargo); (6) fraud (DOE 1); and (7) negligence per se (Wells Fargo). (*Id*. at 6-10.) Wells Fargo removed this action. (ECF No. 1.)

///

///

---

[3]The following allegations are adapted from the Complaint unless otherwise indicated. (ECF No. 1-1.)

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court of the United States clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678.

Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id*. at 679 (alteration in original) (quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570. Dismissal of a complaint without leave to amend is only proper when it

is clear the complaint could not be saved by any amendment. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016); *see also* Fed. R. Civ. P. 15(a)(2) (instructing district courts to "freely give leave" to amend).

## IV. DISCUSSION

Since Flaherty has agreed to voluntarily dismiss his negligence per se and NRS § 41.1395 claims in his response, the Court will only address the remaining two claims against Wells Fargo. The Court will first dismiss Flaherty's negligence claim with prejudice because Wells Fargo does not owe a duty of care to Flaherty as a matter of law. The Court will then dismiss Flaherty's misdescription of beneficiary claim under NRS § 104A.4207(2)(b) because it is insufficiently pled but will grant him leave to file an amended complaint to cure the deficiency.

### A. Negligence

To start, Flaherty's negligence claim is deficient as a matter of law. Wells Fargo argues that dismissal is proper because it does not owe a duty of care to non-customers. (ECF No. 7 at 5.) Flaherty counters, in part, that the Court should apply non-binding case law from other circuits and state courts to find that a narrow exception applies. (ECF No. 31 at 3-4.) The Court declines to deviate from the Nevada Supreme Court on a Nevada state-law issue,[4] and agrees that dismissal is warranted.

To prevail on a negligence claim under Nevada law, the plaintiff must show "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citation omitted). The existence of a duty is generally a question of law for the court to resolve. *See Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007). There is generally "no duty to control a party's dangerous conduct, warn others, or

---

[4]The United States Supreme Court and Ninth Circuit have long held that "the highest court of the state is the final arbiter of what is state law," and "federal courts sitting in diversity jurisdiction [must] apply state substantive law and federal procedural law." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940) (citation omitted); *In re Exxon Valdez*, 484 F.3d 1098, 1100 (9th Cir. 2007) (citations omitted).

protect another from a criminal attack." *Wasmund v. Aria Resort & Casino Holdings, LLC*, Case No. 68635, 2017 WL 946326, at *2 (Nev. Mar. 6, 2017) (citing *Sanchez*, 221 P.3d at 1280). However, there is an exception when a special relationship exists between the parties and the harm caused by the third-party's conduct is foreseeable. *Sanchez*, 221 P.3d at 1280-81 (citations omitted); *Scialabba v. Brandise Constr. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996) (citations omitted).

Under Nevada law, Wells Fargo does not have a duty to protect Flaherty from the fraudulent, criminal activities of the scammers unless there is a special relationship. *See Sanchez*, 221 P.3d at 1280-81. Although the Nevada Supreme Court has not addressed whether there is a special relationship between a bank and a non-customer, the court previously found that there was no special relationship between a pharmacy and a third-party.[5] *See id.* In *Sanchez*, the pharmacist filled a customer's prescription and the customer later injured two people (the plaintiffs) with her car while under the influence of the prescription medications. *See id.* at 1279. The Nevada Supreme Court did not find a special relationship because there was no direct relationship between the pharmacy and the plaintiffs, and because the plaintiffs were anonymous members of the public who were previously unknown to the pharmacy. *See id.* at 1281-82. Similarly, here, there is no direct relationship between Wells Fargo and Flaherty, a non-customer. (ECF No. 1-1 at 4.) Also, before the wire transfer on June 22, 2021, Flaherty was an unknown party to Wells Fargo. (ECF Nos. 1-1 at 4, 12 at 3.)

Moreover, in instances where the Nevada Supreme Court found a special relationship, including innkeeper-guest, teacher-student, employer-employee, and restaurateur-patrons, one party submitted itself to control by the other party or one party

---

[5]The Nevada Supreme Court has also recognized a narrow exception in the context of landlords and third parties, where a landlord owes a duty to protect a third party from a tenant's dog if the landlord took an affirmative act to assume the duty of care or "undertook affirmative steps to prevent the type of harm that ensued." *Newkirk v. U.S. Realty & Prop. Mgmt.*, 133 Nev. 1056 (2017); *PetSmart, Inc. v. Eighth Judicial Dist. Court*, 499 P.3d 1182, 1187 (Nev. 2021). Here, the factual allegations do not plausibly support that Wells Fargo engaged in any affirmative acts to assume a duty of care from another party. (ECF No. 1-1.) Thus, the Court finds that this narrow exception does not apply.

5

exerted control over the other party. *See Sparks v. Alpha Tau Omega Fraternity*, 255 P.3d 238, 246 (Nev. 2011) (citation omitted); *Scialabba*, 921 P.2d at 930 (citations omitted). Here, the allegations do not plausibly support that Flaherty submitted himself to Wells Fargo's control or that Wells Fargo had control over Flaherty—Flaherty was not a customer of Wells Fargo's, there was no direct or prior relationship between them, and Flaherty was induced by the scammers, *not* Wells Fargo, to wire the $30,000 into the account. (ECF No. 1-1 at 3-5.) *See Sparks*, 255 P.3d at 245 (noting that "[i]n the absence of this degree of control, there is no special relationship giving rise to a duty of reasonable care") (citation and internal quotation marks omitted). The Court thus finds that there is no special relationship between Wells Fargo and Flaherty to give rise to a duty of reasonable care.[6]

Finally, a finding of the existence of a legal duty would be contrary to Nevada's public policy. In *Sanchez*, the Nevada Supreme Court agreed that an imposition of duty to "unidentifiable members of the general public who were unknown to the pharmacies" would "create a zone of risk [that] would be impossible to define." 221 P.3d at 825-26 (citation omitted). Similarly, here, Wells Fargo correctly notes that banks often process billions of transactions and imposing a duty of care to non-customers would subject banks to limitless and unpredictable liability, creating a zone of risk that would be impossible to define. (ECF No. 7 at 7.) *See id*. Thus, the Court predicts that the Nevada Supreme Court would follow its reasoning in *Sanchez* and find that Wells Fargo does not owe a duty of care to non-customers like Flaherty. *See Judd v. Weinstein*, 967 F.3d 952, 955-56 (9th Cir. 2020) (citations omitted).

---

[6]Because the Court found that there is no special relationship between Flaherty and Wells Fargo, the Court declines to address the foreseeability of the harm. *See Skworez v. GKT II*, 129 Nev. 1152 (2013) (explaining that "a duty of care arises when (1) a special relationship exists between the parties . . ., *and* (2) the harm created by the defendant's [or third party's] conduct is foreseeable") (citations and internal quotation marks omitted) (emphasis added).

6

The Court therefore dismisses Flaherty's negligence claim with prejudice because Wells Fargo does not owe a duty of care to Flaherty and an imposition of a duty would be contrary to public policy.[7]

### B.    UCC 4A/NRS § 104A.4207(2)(b) Misdescription of Beneficiary Claim

Next, Flaherty failed to state a plausible claim under NRS § 104A.4207(2)(b). Wells Fargo argues that dismissal is appropriate because (1) Flaherty has no right of recovery under Uniform Commercial Code Article 4A (codified in NRS § 104A) as a non-customer, and (2) because Flaherty failed to plausibly allege that Wells Fargo had actual knowledge of the name-number mismatch on his payment order. (*Id*. at 16-21.) Flaherty counters, in part, that his allegations must be accepted as true at the motion to dismiss stage, and Wells Fargo cannot prove its lack of knowledge in its opposition. (ECF No. 12 at 8-9.) The Court agrees that Flaherty failed to include sufficient factual allegations but grants him leave to amend his NRS § 104A.4207(2)(b) claim.

As a preliminary matter, the Court addresses the scope of Flaherty's claim under NRS § 104A. Flaherty's claim is premised on two theories of liability: (1) Wells Fargo violated the statute by receiving and paying out the wire transfer funds, and (2) Wells Fargo violated the statute by failing to maintain commercially reasonable practices and allowing the scammers to open an account. (ECF No. 1-1 at 8-9.) However, NRS § 104A.4207 only applies to payment orders and fund transfers, and does not encompass the opening of a bank account with Wells Fargo. Moreover, in the Complaint, Flaherty does not cite to a specific NRS § 104A provision that provides non-customers[8] like himself with a private right of action for the opening and maintenance of fraudulent

---

[7]Because the Court found that Flaherty's negligence claim is deficient as a matter of law, the Court declines to address whether this claim is preempted by UCC Article 4A. (ECF Nos. 7 at 7, 12 at 5.)

[8]The Court notes that the NRS 104A sections governing the commercial reasonableness of a bank's security procedures only address obligations between a *customer* and their bank. *See* NRS §§ 104A.4202, 104A.4204. As a non-customer, Flaherty does not have a private right of action under those provisions. (ECF Nos. 1-1 at 4, 7 at 20.)

accounts. (*Id.*) Thus, Flaherty's claim is limited to his wire transfer to Wells Fargo under NRS § 104A.4207(2)(b), and his statutory claim based on the opening of the fraudulent account is dismissed with prejudice.

As for Wells Fargo's first argument, the Court finds that Flaherty, a non-customer, has a right of action under NRS § 104A.4207(2)(b) for the wire transfer.[9] (ECF No. 7 at 20-21.) NRS § 104A.4207 specifically uses the term "originator," instead of customer in the text. NRS § 104A.4104(3) defines "originator" as "the sender of the first payment order in a funds transfer." NRS § 104A.4207 clearly provides that the originator of the payment order has a right to recovery under certain circumstances. Flaherty is the originator of the payment order since he sent the $30,000 wire transfer to Wells Fargo. (ECF No. 1-1 at 4.) Because the plain language of the statute is unambiguous, the Court need not engage in further analysis and Flaherty, a non-customer, may bring a claim under NRS § 104A.4207(2)(b).[10] *See Leigh-Pink v. Rio Props., LLC*, 512 P.3d 322, 327 (Nev. 2022) (explaining that the court must first look to "the plain language of a statute when interpreting a statutory provision . . . [and] [w]here a statute is unambiguous, the court does not go beyond its plain language") (citations omitted). Dismissal of Flaherty's NRS § 104A.4207 claim is therefore improper on this basis.

Second, Wells Fargo argues that because Flaherty failed to plausibly allege it had actual knowledge of the name-number mismatch on his payment order, Wells Fargo is immunized from responsibility under the safe harbor provision of NRS § 104A.4207(2)(a). (ECF No. 7 at 16-20.) NRS § 104A.4207(2) provides that when a

---

[9]The Court notes that Flaherty failed to address this specific argument in his response. (ECF No. 12 at 8-9.)

[10]Notably, federal district courts applying California laws have also allowed non-customers to bring a claim against a financial institution under an analogous, nearly identical provision. *See Venture Recycling Grp., Inc. v. JPMorgan Chase & Co.*, Case No. CV 19-2253-MWF (KSx), 2019 WL 4543104, at *5 (C.D. Cal. July 9, 2019); *Attisha Enters., Inc., v. Capital One, N.A.*, Case No. 3:20-cv-01366-BEN-RBB, 2021 WL 698200, at *3 (S.D. Cal. Feb. 22, 2021).

beneficiary's bank receives a payment order that "identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons," the bank may accept the wire transfer without determining if the name and number refer to the same person, *as long as* the bank does not know about the name-number mismatch. A plain reading supports that actual knowledge is required, constructive knowledge is not enough.[11] *See Golden State Concessions LLC v. Wells Fargo Bank NA*, Case No. 21-cv-00014-KAW, 2021 WL 5002222, at *3 (N.D. Cal. Mar. 10, 2021) (citations omitted); *Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, Case No. 17-cv-04930-LB, 2017 WL 6539843, at *6 (N.D. Cal. Dec. 21, 2017) (citation omitted); *Grand Bayman Belize, Ltd. v. Wells Fargo Bank, N.A.*, Case No. 21-55146, 2022 WL 171937, at *1 (9th Cir. Jan. 19, 2022).

Here, Flaherty failed to sufficiently plead that Wells Fargo had actual knowledge of the name-number mismatch. (ECF Nos. 1-1 at 8-9, 7 at 18-19.) He only alleges that Wells Fargo "knew or should have known that the wire transfer order identified different persons by name and number" without further elaboration or factual matter to support his claim.[12] (ECF No. 1-1 at 8.) *See Iqbal*, 556 U.S. at 678. These general allegations are insufficient to plausibly plead actual knowledge. *See Venture Recycling Grp., Inc. v. JPMorgan Chase & Co.*, Case No. CV 19-2253-MWF (KSx), 2019 WL 4543104, at *5 (C.D. Cal. July 9, 2019) (denying dismissal because the plaintiffs plausibly alleged "(1) there was a complete disconnect between the designated name and account name . . . and (2) [the defendants] rejected at least two wire transfers") (quotation marks omitted); *Attisha Enters., Inc., v. Capital One, N.A.*, Case No. 3:20-cv-01366-BEN-RBB, 2021 WL 698200, at *2-*3 (S.D. Cal. Feb. 22, 2021) (denying dismissal because the plaintiff

---

[11]Since the Nevada Supreme Court has not spoken on this issue or addressed this statutory provision, the Court will look to persuasive authority from other courts interpreting a nearly identical, analogous provision under California law, adopted from the same UCC Article.

[12]Wells Fargo takes issue with Flaherty pleading in the alternative, arguing that he is essentially "conced[ing] that he does not know whether Wells Fargo had actual knowledge of the name-number mismatch." (ECF No. 7 at 18.) The Court disagrees because Rule 8 explicitly allows a party to plead in the alternative.

plausibly alleged the defendant required specific information "to verify [a] person's relationship to the accountholder" but nonetheless allowed an entity to open an imposter account without the requisite documentation). Flaherty's vague, conclusory allegations lack the requisite specificity to state a plausible claim for relief under *Iqbal*.

Flaherty counters that he sufficiently pled actual knowledge because the Court must accept all of his allegations as true at the motion to dismiss stage. (EF No. 12 at 8-9.) The Court disagrees, as legal conclusions like the ones in Flaherty's Complaint are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. The Court therefore dismisses Flaherty's NRS § 104A.4207(2)(b) claim without prejudice and with leave to amend.

### C.     Leave to Add Plaintiff

Finally, in his response, Flaherty requests leave to add Levetown as a plaintiff in this case under Rule 15. (*Id.* at 6.) The Court declines Flaherty's request for the following reasons. First, Levetown has not indicated that he is interested in or consents to joining this lawsuit. Instead, Flaherty is making this request on Levetown's behalf. To the extent Flaherty wants to compel Levetown to join this lawsuit, he has not made the requisite showing or argument under Rule 19, and it is moreover unclear if this Court has personal jurisdiction over Levetown. Second, Wells Fargo correctly noted that Flaherty failed to comply with the Local Rules and file a separate motion or attach a proposed first amended complaint to his request. (ECF No. 16 at 9.) *See* LR 15-1 (providing that "the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself"). Accordingly, the Court denies Flaherty's request.

### V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant Wells Fargo Bank National Association's motion to dismiss (ECF No. 7) is granted. However, the Court gives Flaherty leave to file an amended complaint to amend his NRS 104A.4207(2)(b) claim against Wells Fargo for the wire transfer.

If Flaherty decides to file an amended complaint—to the extent he is able to cure the deficiencies discussed herein—he must do so within 30 days of the date of entry of this order. Flaherty's failure to file an amended complaint within 30 days will result in the dismissal of his NRS 104A.4207(2)(b) claim with prejudice.

DATED THIS 24th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE