JONATHAN D. BLUM, ESQ.
Nevada Bar No. 09515
**WILEY PETERSEN**
1050 Indigo Dr., Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.: (702) 553-3467
jblum@wileypetersenlaw.com

*Attorneys for Plaintiff Edward Patrick Flaherty*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD PATRICK FLAHERTY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO BANK NA; and DOES 1-50, ROES 51-100.<br><br>Defendants. | CASE NO.: 3:22-cv-00025-MMD-CLB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, EDWARD PATRICK FLAHERTY ("Flaherty" or "Plaintiff") by and through his counsel of record, the law firm Wiley Petersen, hereby complains and alleges as follows:

I.

**THE PARTIES**

**A.    The Plaintiff**

1.    Plaintiff EDWARD PATRICK FLAHERTY ("Flaherty" or "Plaintiff") is an individual and resident of the State of Geneva, Switzerland.

**B.    Defendants**

2.    Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a Delaware entity, licensed to, and conducting business in Nevada.

3.    Defendants DOES 1 through 50 and ROES 51-100, inclusive, whether individual, corporate, associate or otherwise, are sued by these fictitious names as they are unknown to Plaintiff

1

at this time. At such time as Defendants' true names become known to Plaintiff, Plaintiff will amend this Complaint to insert said true names and capacities.

4. On information and belief, the DOE/ROE Defendants are responsible, in some actionable manner, for the events and/or happenings hereinafter referred to, and caused the injuries and damages proximately thereby to Plaintiff, as hereinafter alleged.

5. On information and belief, the DOE/ROE Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premises, or of similar actions against Palintiff upon which Plaintiff is presently unaware.

6. On information and belief, each of the Defendants, including the DOE/ROE Defendants, was the agent of each of the remaining Defendants, and was acting both individually and within the course and scope of the agency.

7. DOE 1, as referred to herein, is the account holder of the Wells Fargo Account associated with the following information:

1400 W Newlands Dr. E, Fernley, NV 89408
Account No. '0700
Routing No. '0742

## II.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332. The amount in controversy exceeds $75,000 and there is complete diversity.

9. Wells Fargo regularly conducts business and has a physical presence in the State of Nevada.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Nevada.

## III.

## BACKGROUND FACTS COMMON TO ALL ALLEGATIONS

11. Flaherty is an American citizen and lawyer residing and practicing in Geneva,

Switzerland.

12. Flaherty had co-counseled a previous tort case with Andrew Levetown ("Levetown"), a former US attorney, currently practicing law in the State of Maryland.

13. In May/June, 2021, Flaherty and Levetown agreed to co-counsel a new mass tort case, and Flaherty agreed to deposit with Levetown in his client trust account the sum of $30,000 to cover the initial costs of such litigation.

14. Unbeknownst to Flaherty or Levetown at the time, Doe 1, along with other unknown accomplisses and/ or co-conspirators (Does 2-20), had illegally hacked and commandeered Levetown's professional email account, and began communicating with Flaherty by email, impersonating Levetown, which impersonation was unknown to Flaherty.

15. On or about June 17, 2021, Does 1-20 impersonating Levetown sent Flaherty an email with what purported to be the bank account and wiring details for the client trust account of Levetown's firm, Ivey and Levetown, at Wells Fargo's Fernley, Nevada branch.

16. On or about June 22, 2021, Flaherty had his bank UBS in Switzerland wire $30,000 to the Wells Fargo account purportedly related to its Fernely, Nevada branch, though later indications were that Wells Fargo's Battle Mountain, Nevada is related thereto, fraudulently represented to him by Does 1-20 in emails as the client trust account of Levetown's law firm.

17. Several days later, on or about June 25, 2021, Levetown sent Flaherty a message by Whatsapp asking where were the wired funds. Flaherty replied that he had received an email from Levetown indicating that the funds had been received, and sent Levetown the wiring receipt.

18. Levetown again responded by Whatsapp that the Wells Fargo account was not his client trust account, that he had no relationship with Well Fargo, and that he had just discovered that his professional email account had been hacked and commandeered, and that the hackers had tried to entice another professional associates to wire funds to the same Wells Fargo account.

19. Flaherty immediately on June 25, 2021 tried to contact Wells Fargo by email, through their website and by telephone to report the apparent fraud. When he finally spoke to a Wells Fargo representative by telephone on June 25, 2021, the representative told Flaherty that as he was not a customer of Wells Fargo, the representative could not do anything to assist him, and

advised Flaherty to contact his own bank that had sent the wire (UBS), and to request them to request the return of the transfer from Wells Fargo.

20. On June 25, 2021, Flaherty contacted UBS to report the fraud and to request that they contact Wells Fargo to return the $30,000 sent to the imposter account. UBS contacted Wells Fargo twice, once in the last week of June and once in July, but Wells Fargo only replied on or about August 20, 2021, stating that the account to which the funds had been deposited was empty and that there was nothing further Wells Fargo could do.

21. On or about August 19, 2021, Flaherty wrote directly to Wells Fargo at its corporate headquarters in San Francisco, California, again demanding the return of the $30,000, which request Wells Fargo once again rejected.

22. Flaherty also requested that he be given the name of the account holder(s) to which the $30,000 has been deposited, as well as any other identifying or contact information that Wells Fargo had collected from the account holder in opening the imposter account as required by US Department of Treasury Financial Crimes Enforcement Network (31 CFR Parts 1010, 1020 1023, 1024, and 1026 (https://www.govinfo.gov/content/pkg/FR-2016-05-11/pdf/2016-10567.pdf).

23. Flaherty also requested that Wells Fargo report the fraud to local law enforcement authorities.

24. As of the present date, Wells Fargo has failed or refused to provide the requested information about the account holder(s) to Flaherty, nor has it reported the fraud to local law enforcement, all of which has greatly hindered Flaherty's efforts to recover the defrauded funds in the amount of $30,000 from DOES 1 through 50 and ROES 51-100.

25. Wells Fargo allowed DOE 1 to open a bank account with Wells Fargo in its Battle Mountain, Nevada branch with insufficient and/or fraudulent identification.

26. Through the use of such imposter bank account at Wells Fargo, DOES 1 through 50 and ROES 51-100, through fraud, mail and/or wire fraud, and false representations, after having hacked and commandeered the professional email account of Levetown, wrongly and fraudently induced Plaintiff through imposter emails in the name of Levetown to wire $30,000 to the imposter account set up by DOE 1, as alleged herein.

## IV.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Conversion
### Against DOES 1 through 50 and ROES 51-100

27. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

28. DOES 1 through 50 and ROES 51-100 committed a wrongful distinct and intentional act of dominion over the property of Plaintiff.

29. The act(s) committed were in denial of, or inconsistent with, the rightful owner's (Plaintiff's) use and enjoyment of the property.

30. The act(s) committed were in derogation, exclusion or defiance of the owner's (Plaintiff's) rights or title in the property.

31. The actions of DOES 1 through 50 and ROES 51-100 caused damages to Plaintiff.

32. Based on Defendants' wrongful acts and inactions, Plaintiff has been damaged in an amount exceeding $15,000.

33. Defendants have been guilty of oppression, fraud or malice and as such, Plaintiff is entitled to exemplary and/or punitive damages pursuant to NRS 42.005.

34. Based on Defendants wrongful acts and inactions, Plaintiff has been forced to retain the services of counsel to prosecute this matter and, therefore, is entitled to recover its reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### Unjust Enrichment
### DOES 1 through 50 and ROES 51-100

35. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

36. A benefit has been conferred on the Defendant(s).

37. Defendants appreciated the benefit.

38. Defendant(s) accepted and retained the benefit under circumstances where it would be inequitable for Defendant(s) to retain the benefit without the payment of value for the same.

39. The Defendants through their wrongful acts and inactions have been unjustly enriched, damaging the Plaintiff in an amount exceeding $15,000.

40. Defendants have been guilty of oppression, fraud or malice and as such, Plaintiff is entitled to exemplary and/or punitive damages pursuant to NRS 42.005.

41. Based on Defendants wrongful acts and inactions, Plaintiff has been forced to retain the services of counsel to prosecute this matter and, therefore, is entitled to recover its reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### Violation of UCC Article 4A (NRS Chapter 104A)
### Against Defendant Wells Fargo

42. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

43. Defendant Wells Fargo, in paying DOES 1 through 50 and ROES 51-100 the fraudulent wire transfer fund proceeds, knew that the wire transfer order identified different persons by name and number, and that DOES 1 through 50 and ROES 51-100 were therefore not entitled to receive the wire transfer proceeds from the Plaintiff or his bank under UCC Article 4A-207(b)(2) (NRS 104A.4207(2)(b)).

44. Based on Defendant Wells Fargo's wrongful acts and inactions, Plaintiff has been damaged in an amount exceeding $15,000.

45. Based on Defendants wrongful acts and inactions, Plaintiff has been forced to retain the services of counsel to prosecute this matter and, therefore, is entitled to recover its reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### Fraud
### Against Defendant DOE 1

46. Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

47. Defendant DOE 1 illegally hacked and commandeered the professional email account of Levetown.

48. Defendant DOE 1 sent Plaintiff a series of fraudulent emails, impersonating

Levetown, and induced Flaherty to wire $30,000 to the imposter bank account opened, owned and/or controlled by DOE 1.

49. Based on Defendant DOE 1's wrongful acts and inactions, Plaintiff has been damaged in an amount exceeding $15,000.

50. Defendants have been guilty of oppression, fraud or malice and as such, Plaintiff is entitled to exemplary and/or punitive damages pursuant to NRS 42.005.

51. Based on Defendants wrongful acts and inactions, Plaintiff has been forced to retain the services of counsel to prosecute this matter and, therefore, is entitled to recover its reasonable attorneys' fees and costs.

V.

JURY TRIAL DEMAND

52. Plaintiffs demand a trial by jury.

VI.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff expressly reserving the right to amend this Complaint prior to or at the time of trial in this action to insert those items of damage not yet fully ascertainable, prays for judgment against Defendants as follows:

1. For general damages and special damages sustained in an amount exceeding $15,000;
2. For exemplary and punitive damages pursuant to NRS 42.005;
3. For reasonable attorneys' fees and costs incurred;

///

4. For pre and post judgment interest at the statutory rate; and

5. For such other relief as the Court deems just and proper.

DATED this 13th day of September, 2022

**WILEY PETERSEN**

By: _____
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 9515
1050 Indigo Drive, Suite 200B
Las Vegas, Nevada 89145
Telephone No.: (702) 910-3329
Facsimile No.:  (702) 553-3467
jblum@wileypetersenlaw.com

*Attorneys for Plaintiff Edward Patrick Flaherty*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Wiley Petersen, and that on the 13th day of September, 2022, I caused to be served a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the Unites States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written.

(ELECTRONIC E-MAIL)

Kelly H. Dove, Esq.
Nevada Bar No. 10569
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
kdove@swlaw.com
hcheong@swlaw.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

_____
An Employee of WILEY PETERSEN